UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:08-CR-00013-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LEONARD MAURICE WARD ) | |
| ) | |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 30.) The motion was held in abeyance pending a decision in United States v. Black, No. 13-6228 (4th Cir.). The Fourth Circuit Court of Appeals has issued its decision, and the Supreme Court recently denied the defendant's petition for a writ of certiorari. United States v. Black, 737 F.3d 280 (4th Cir. 2013), cert. denied, 134 S. Ct. 1902 (2014). Defendant's motion is now ripe for disposition.

In 2008, defendant was sentenced for violating 21 U.S.C. § 841(a)(1) by distributing more than five grams of crack cocaine. Without objection from defendant, the court sentenced defendant as a career offender. Defendant's base offense level, which in turn impacted his guideline sentencing range, was determined to be 34 because at that time the applicable maximum penalty for a violation of 21 U.S.C. § 841(a)(1) was 40 years. (See PSR ¶ 43 (relying on career offender enhancement under U.S.S.G. § 4B1.1).) See also 21 U.S.C. § 841(b)(1)(B) (2006) (providing for penalty of five to 40 years where quantity of crack cocaine is five grams or more); U.S.S.G. § 4B1.1(b)(B) (2007) (providing for base offense level of 34 where the statutory maximum is 25 years or more).

Defendant contends that he is eligible for a sentence reduction based on amendments to the sentencing guidelines pertaining to crack cocaine offenses and the lower maximum penalty of the Fair Sentencing Act of 2010 ("FSA"). (Mot., DE # 30, at 2-6). It is true that if defendant were sentenced now, the applicable maximum penalty for a violation of 21 U.S.C. § 841(a)(1) would be 20 years, 21 U.S.C. § 841(b)(1)(C), resulting in a base offense level of 32, U.S.S.G. § 4B1.1(b)(3) (2013). However, because defendant was sentenced as a career offender in 2008 prior to the effective date of the FSA, defendant is not eligible for a sentence reduction. See United States v. Barrett, No. 12-7155, 2014 WL 2120001, at *3-4 (4th Cir. May 22, 2014) (per curiam) (relying on Black to reject the contention of the defendant, who was sentenced in 2008, that the more lenient penalties under the FSA apply retroactively to lower his guideline range under the career offender provision).

Defendant's motion is DENIED.

This 4 June 2014.

						_____
						W. Earl Britt
						Senior U.S. District Judge